UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLA CRISTINA ALFARO BRITTANY,<br><br>   Plaintiff,<br><br>   v.<br><br>CHILD SUPPORT SERVICE/STATE OF CALIFORNIA,<br><br>   Defendant. | Case No. 2:24-cv-3465-TLN-CSK<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 2) |

Plaintiff Michella Cristina Alfaro Brittany is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the Complaint be dismissed without leave to amend.

I.  **MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,650.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff's IFP application indicates Plaintiff receives a yearly gross income of $91,604.00. ECF No. 2 at 1 ¶ 2. Plaintiff also affirmatively answers she receives income from the following sources: "[b]usiness, profession, or other self-employment," "[r]ent payments, interest, or dividends," "pension, annuity, or life insurance payments," "[d]isability, or worker's compensation payments," "[g]ifts, or inheritances," and "[a]ny other sources." *Id*. at 1 ¶ 3. When asked to describe each source of money and amount received, Plaintiff only indicates she receives "[d]isability[,] [a]nnuity[,] [l]ife insurance[,] and [i]nheritance." *Id*. Despite Plaintiff's failure to disclose the amount received for each of these sources, it is clear Plaintiff has failed to establish that she is entitled to prosecute this case without paying the required fees. Plaintiff's gross household income is close to six times the 2025 poverty guideline.[2] Given this, the Court cannot find

---

[2] The Court also notes Plaintiff has recently filed multiple requests to proceed in forma pauperis in other actions, which have pending findings and recommendations recommending IFP status be denied and indicate additional sources of income not listed in the IFP application in this action. *Compare* ECF No. 2 at 2 ¶ 4 (stating $5.00 in checking or savings account), with *Michella C. Alfaro Brittany v. Child Support Services, et al*., No. 2:24-cv-3396-DC-JDP (PS) (E.D. Cal. Jan. 28, 2025) (recommending IFP request be denied and ordered to pay the filing fee and indicating Plaintiff has $139,000 in her bank account); *Michella C. Alfaro Brittany v. Annalise Burney*, No. 2:24-cv-3464-DAD-JDP (PS) (E.D. Cal. Jan. 28, 2025) (recommending IFP request be denied and ordered to pay the filing fee); *Michella C. Alfaro Brittany v. Yolo County Police*

Plaintiff unable to pay the filing fee. *See Escobedo*, 787 F.3d at 1234. In addition, the Court also finds Plaintiff's IFP application should be denied because the action is facially frivolous and meritless.

"'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of Plaintiff's Complaint that this action is also frivolous and is without merit as discussed in more detail below, the Court recommends Plaintiff's IFP motion be denied for this reason as well.

**II.     SCREENING REQUIREMENT**

Plaintiff's Complaint warrants dismissal pursuant to 28 U.S.C. § 1915(e)'s required pre-answer screening. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v.*

---

*Department, et al.*, No. 2:25-cv-0778-DAD-JDP (PS) (E.D. Cal. Mar. 13, 2025) (recommending IFP request be denied and ordered to pay the filing fee and indicating Plaintiff has $65,000 in her checking account).

*Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

### III.     THE COMPLAINT

The Complaint names "Child Support Service/State of California" as the sole defendant in this action. Compl. at 2 (ECF No. 1). The entirety of the allegations in the Complaint are as follows:

> I took a DNA maternity test with Wellspace Health Roseville, CA 95661 and they said Chana Alfaro and her 9 brothers and sisters where my children and Lil Marco Alfaro myself and my son Anthony R. Alfaro adopted him. He is a victim of domestic violence and child abuse.

Compl. at 5. For relief, Plaintiff states she "would like it to be known on Court Documents

4

with 3351 Power Inn Rd. Sacramento, CA 95821 Family Court of California Child Support Service/State of California that these 10 children are mine." *Id*. at 6.

## IV. DISCUSSION

### A. Lack of Subject Matter Jurisdiction

The Court lacks subject matter jurisdiction over this action. Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

The Complaint does not establish the Court's subject matter jurisdiction. *See* Compl. The Complaint states no basis for federal court jurisdiction, and none is apparent. Although the Complaint indicates the basis for subject matter jurisdiction is federal question based on "civil rights – adoption, natural born children", no federal cause of action is clearly asserted, and no federal claims are suggested by the facts, to the extent the facts are discernible. *See* Compl. at 3-4. The Complaint also fails to establish diversity jurisdiction. First, Plaintiff does not satisfy the amount in controversy requirement. *See* Compl. at 4 (stating amount in controversy is "$15,000 -? 2.5 million." Compl. at 5; *see also* ECF No. 1-1 (civil cover sheet indicating monetary demand is $15,000.00). Second, Plaintiff also does not establish complete diversity of citizenship.

5

*See Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."). On the face of the Complaint, all parties appear to be citizens of California. Compl. at 4; *see also* ECF No. 1-1 (civil cover sheet marking both Plaintiff and Defendant as citizens of California). Because there is no diversity of citizenship established here, the Court finds that it also lacks subject matter jurisdiction based on diversity jurisdiction. Therefore, the Court recommends this action be dismissed without leave to amend because the Court lacks subject matter jurisdiction over this action and amendment would be futile.

### B.    Failure to Comply with Federal Rule of Civil Procedure 8

Plaintiff's Complaint also does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Here, the Complaint does not contain facts supporting any cognizable legal claim against Defendant. The Complaint consists of vague and conclusory allegations that fail to establish Plaintiff's causes of action. Because the Complaint is unintelligible, granting leave to amend in this case would not be fruitful. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Complaint therefore fails to state a claim on which relief may be granted and is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### C.    Leave to Amend

In considering whether leave to amend should be granted, the Court finds that the Complaint is without merit and consists entirely of allegations with no basis in law. *See*

*generally* Compl. The Complaint does not contain facts supporting any cognizable legal claim against Defendant. In light of the Court's lack of subject matter jurisdiction and the Complaint's deficiencies, granting leave to amend would be futile. The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

## V. CONCLUSION

Based upon the findings above, it is RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;
2. Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 10, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, britt3465.24